J. A. McCLURE v. OSCAR TAYLOR et al.

*Will—Devisee—Construction of.*

Lands under a devise, ".I give and bequeath to my son two-thirds of my land on the lower part, including my dwelling-house and out-buildings, including two-thirds of the bottom and two-thirds of the upland; and the other third of my land I give and bequeath to the heirs of my daughter. I want it divided to the best advantage to both parties," must be partitioned according to the quantity and not the value of the land.

This was a SPECIAL PROCEEDING for partition, instituted before the Clerk of the Superior Court of RUTHERFORD County, and heard before *Hoke, J.,* at Chambers, July 7th, 1891.

It appears that Isaac D. McClure died leaving a last will and testament, which was duly proven. After therein disposing of his personal property- he devises as follows: "I give and bequeath to my son J. A. McClure, two-thirds of my land on the lower part, including my dwelling-house and out-buildings, including two-thirds of the bottom and two-thirds of the upland; and the other third of my land I give and bequeath to the heirs of my daughter Mary Taylor. I want it divided to the best advantage of both parties."

This special proceeding is brought to have partition of the land specified in this devise made between the plaintiff and the defendants, who are the heirs of Mary Taylor, mentioned in the devise. The plaintiff contends that the land is to be divided so as to allot and set apart two-thirds in quantity of the same to him, and one-third to the defendants. The defendants contend that, under a proper interpretation of the devise above recited, the one-third in value of land should be set apart and allotted to them, and two-thirds in value to the plaintiff.

109—41

The Court adjudged that partition be made as directed in the devise according to quantity, and not according to the value of the land. The defendants excepted, and appealed.

*Messrs. Justice & Justice* (by brief), for plaintiff.
*Mr. R. McBrayer*, for defendants.

Merrimon, C. J.: We think the Court below properly interpreted the devise in question. When the testator simply devised to his son two-thirds of his land, including his dwelling-house and out-buildings, he had reference to its quantity without reference to its value. If he had intended to dispose of it particularly with reference to its value, he would have said so in terms or by some word or words indicative of such purpose. There are no words in the will, and particularly there are none in the devise, indicating a purpose to require it to be divided according to the value thereof. The particular provision that the land should be so divided as to give his son two-thirds of the "bottom" or lowland, including the dwelling-house and out-buildings, and also two-thirds of the upland, goes to show the purpose to divide it according to quantity. The clear purpose is to give the son (the plaintiff) and the defendants parts of both the low and upland. This could certainly be accomplished by dividing it according to quantity. If, however, the intention was to divide it according to the value thereof, it might be that the son would get none of the lowland, or he might get none of the upland, or he might get but part of the buildings; and so as to the defendants as to land. The clause, " I want it (the land) divided to the best advantage of both parties," implies simply that the dividing line shall be so located as to promote the advantage and convenience of the parties in the largest measure practicable   Nothing appears to show a purpose to make the devisees equal as to value in the proportions specified, or at all in that respect.

Affirmed.